FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

```
In re:                              )
                                    )
RAUL MIRAZO SOTO, JR.,              )   Case No. 24-21939-C-7
                                    )
                Debtor.             )
_____)
                                    )
SAI SUPERMARKETS, INC. dba DEL      )   Adversary No. 24-02174
VALLE SUPERMARKET,                  )
                                    )
                Plaintiff,          )
v.                                  )
                                    )
RAUL MIRAZO SOTO dba SOTO           )
REFRIGERATION & BEVERAGE CO.,       )
                                    )
                Defendant.          )
_____)
```

**OPINION**

CHRISTOPHER M. KLEIN, Bankruptcy Judge


Is the essential element of "circumstances indicating fraud" for nondischargeable embezzlement under 11 U.S.C. § 523(a)(4) satisfied when a licensed contractor fails to account for, and does not refund, advances for labor and special-order equipment that were not ordered before the contract was terminated?

A California licensed contractor's failure to refund and substantially to account for advances and deposits is a ground for discipline, including restitution orders, by the California Contractors State License Board and, if willful, is an offense under the California Penal Code.

To the narrow question whether the "circumstances indicating fraud" essential element for nondischargeable embezzlement is satisfied in such circumstances, the answer is, "yes."

## Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(b). This civil proceeding arising under Title 11 is a core proceeding. <u>Id</u>., § 157(b)(2)(I). The parties agree that, to the extent it may ever be determined not to be a core proceeding, it may be heard and determined by a Bankruptcy Judge.

## Proceedings

Findings of Fact and Conclusions of Law were rendered orally on the record after trial pursuant to Civil Rule 7052(a)(1). Fed. R. Civ. P. 52(a)(1), <u>incorporated by</u> Fed. R. Bankr. P. 7052. This Opinion supplements those findings and conclusions.

## Facts

Defendant Debtor Raul Mirazo Soto is licensed by the California Contractors State License Board to contract for installation of warm air heating, ventilation, air-conditioning systems, and refrigeration (categories C-20 and C-38). At all relevant times he did business as a sole proprietorship under the name Soto Refrigeration & Beverage Company.

Soto contracted in February 2021 with Plaintiff SAI Supermarkets, Inc. dba Del Valle Supermarket to acquire and install refrigeration and ventilation equipment meeting food handling and storage requirements in a building that was being renovated for supermarket purposes from a different use.

As it was an ongoing renovation project, the installation schedule was uncertain and design incomplete. The precise specifications for refrigeration and ventilation were subject to

1  modification before construction reached the installation stage.
2  It was understood that changes in specifications might require
3  price increases.
4  　　　There were two components to Soto's duties under the
5  contract: (1) order and deliver the equipment; and (2) provide
6  the labor to install the equipment.
7  　　　Soto's purchase orders specified "There are NO refunds on
8  deposits" and "All materials are special order items and there is
9  no return on special order items." E.g., Ex. 4-1.
10 　　　Between February 12, 2021, and September 21, 2021, SAI made
11 six advances at Soto's demands totaling $149,741.68. Some of the
12 demands were based on unilateral price increases by Soto.
13 　　　In seeking advances of $149,741.68, Soto represented that
14 all funds were needed for and would be used in SAI's project.
15 　　　Soto's bank records reflect that during the period February-
16 August, 2021, Soto withdrew $142,112.74 from his business
17 checking account ($54,732.74 cash and $87,380.00 transfers to his
18 personal checking account). As of July 31, 2021, his business
19 checking account had a negative balance (-$422.59).
20 　　　After an advance in September with no apparent work having
21 been accomplished, SAI lost confidence in Soto, terminated the
22 contract, and demanded refund of all advances.
23 　　　Soto responded to SAI by invoking the "no-refund" language
24 in his purchase orders. Soto later admitted that, except for
25 $7,562.00 spent for 2000 feet of copper pipe, he neither
26 purchased nor installed the required equipment.
27 　　　Soto testified at trial that SAI funds were used on non-SAI
28 projects or for personal purposes. On June 14, 2021, Soto spent

$4,443.38 from his business checking account for a Louis Vuitton purse for his wife.

　　SAI sued Soto in state court in January 2022, which action was pending when Soto filed his chapter 7 case on May 6, 2024.

　　This adversary proceeding ensued.

## Analysis

The Complaint alleges two counts: § 523(a)(4) embezzlement and § 523(a)(2) fraudulent misrepresentation. SAI contends that § 523(a)(4) embezzlement squarely fits the facts. Analysis here focuses on the law regarding embezzlement.

Decisions on § 523(a)(4) embezzlement are relatively scarce.

### I

### § 523(a)(4) Embezzlement

The § 523(4) discharge exception applies to any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

#### A

#### Embezzlement Basics

No fiduciary relationship is required to except embezzlement debt from discharge. As the Supreme Court explains, the syntax of § 523(a)(4) separates "embezzlement" and "larceny" from "fraud or defalcation while acting in a fiduciary capacity." Bullock v. BankChampaign, NA, 569 U.S. 267, 275 (2013) (construing fiduciary defalcation); 4 COLLIER ON BANKRUPTCY ¶ 523.10[1] n.14 (Richard Levin & Henry J. Sommer, eds) ("COLLIER").

The term "embezzlement" in the Bankruptcy Code is a federal

law concept. Hence, federal law, not state law, controls the meaning of "embezzlement" in § 523(a)(4). *First Del. Life Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (9th Cir. BAP 1997).

The Supreme Court's classic statement of the meaning of "embezzlement" in a federal statute is that "embezzlement" is the fraudulent appropriation of property by a person to whom the property has been entrusted or into whose hands it has lawfully come. *Moore v. United States*, 160 U.S. 268, 269 (1895). *Moore* remains good law. *See* 4 COLLIER AT ¶ 523.10[2].

The three essential elements of "embezzlement" are: (1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud. *Transam. Comm. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551 (9th Cir. 1991); *Wada*, 210 B.R. at 576-77; *accord*, COLLIER ¶ 523.10[2].

All three essential elements – possession by nonowner, misappropriation, and circumstances indicating fraud – are questions of fact for the trial court to determine by preponderance of evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991) (§ 523(a)(2)).

The first two essential elements are straightforward and ordinarily easily established.

The third essential element, circumstances indicating fraud, is a question of fact focused on knowledge and intent of the actor. *Littleton*, 942 F.2d at 556.

The analyses by the Ninth Circuit and its Bankruptcy Appellate Panel in *Littleton* and *Wada* regarding the fraud-related

element were essentially validated by the subsequent Supreme Court decision in BankChampaign that fraud in this connection means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, leading to the imputation of bad faith or immorality. BankChampaign, 569 U.S. at 274-76.; Neal v. Clark, 95 U.S. 704, 709 (1877).

Putting a finer point on the pencil, and comparing defalcation to embezzlement, the Supreme Court explained in BankChampaign that defalcation includes conscious disregard of or willful blindness to a substantial and unjustifiable risk of a violation. The risk "must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard that a law-abiding person would observe in the actor's situation." BankChampaign, 569 U.S. at 274, quoting ALI Model Penal Code § 2.02(2)(c), p. 226 (1985).

In other words, there must be a showing of "wrongful intent." BankChampaign, 569 U.S. at 27. Accord, Kim v. Kim (In re Kim), 2025 WL 3654696, at *5 (9th Cir. BAP 2025); Newman v. Lee (In re Newman), 2022 WL 2100905, at *7 (9th Cir. BAP 2022).

The Supreme Court's willful blindness analysis of defalcation in BankChampaign likewise informs the analysis of "circumstances indicating fraud" in § 523(a)(4) embezzlement.

As with other forms of fraud-related intent, the trier of fact may draw inferences from circumstantial evidence. Particular circumstances surrounding nonpayment/nonremittance of entrusted property may suffice to persuade the court to infer the requisite fraudulent intent.

For example, in <u>Wada</u> a false statement regarding the reason for improper appropriation and failure to refund warranted inferring circumstances indicating fraud. <u>Wada</u>, 210 B.R. at 577.

Finally, it should be emphasized that the "circumstances indicating fraud" essential element lies in the penumbra of fraud, is not congruent with actual fraud, and does not require proof of actual fraud. Rather, it suffices to establish a gross deviation from the standard that a law-abiding person would observe in the actor's situation.

II

<u>This Defendant's Context</u>

The context of the applicable nonbankruptcy law regime in which California licensed contractors operate is crucial to understanding the embezzlement theory in this case and what a law-abiding licensed contractor would do.

The California Business and Professions Code proscribes diversions by licensed contractors of funds received from contracting parties and failures to account for application or use of funds. Discipline for violations is authorized.[1]

The permitted forms of discipline under § 7108 include

---

[1] The Business and Professions Code § 7108 (Diversions of funds or Property) provides:

> Diversion of funds or property received for prosecution or completion of a specific construction project or operation, or for a specified purpose in the prosecution or completion of any construction project or operation [...] for which such funds or property were received constitutes a cause for disciplinary action.

Cal. Bus. & Prof. Code § 7108.

license suspension, restitution, just terms and conditions regarding continued operations, and payment of costs of investigation.[2]

Worse, a contractor's willful failure to complete the improvement for which funds were provided, willful failure to pay for services, labor, materials or equipment provided incident to such construction, or willful diversion of funds to a use other than that for which the funds were received constitutes criminal construction fraud under California Penal Code § 484b.[3]

---

[2] Business & Professions Code § 7095 (Mode of Discipline) provides in part:

    (a) The decision may:
        (1) Provide for the immediate complete suspension by the licensee of all operations as a contractor during the period fixed by the decision.
        ...
        (3) Impose upon the licensee compliance with such specific terms and conditions as may be just in connection with the licensee's operations as a contractor disclosed at the hearing and may further provide that until those terms and conditions are complied with no application for restoration of the suspended or revoked license shall be accepted by the registrar.
        ...
    (b) The specific terms and conditions imposed pursuant to paragraph (3) or (4) of subdivision (a) may include, but are not limited to, any of the following:
        (1) Payment of <u>restitution</u> to persons injured as a result of the violation
        (2) Payment of the costs of investigation and enforcement pursuant to Section 125.3.

Cal. Bus. & Prof. Code § 7095 (emphasis supplied).

[3] California Penal Code 484b provides:

    § 484b. Any person who receives money for the purpose of obtaining or paying for services, labor, materials or equipment and willfully fails to apply such money for such purpose by either willfully failing to complete the improvements for which funds were provided or willfully

8

As part of the licensing process, California contractors are trained in these provisions and agree to be held responsible for obeying state law regarding permitted uses of funds. They know they cannot divert project funds for other uses. They know they must be prepared to account for uses of project funds.

III

Essential Elements of § 523(4) Embezzlement

A

Possession by Nonowner

The element of possession by nonowner is admitted and beyond dispute in this case. SAI is the owner of the subject funds, which it delivered into the possession of Soto.

B

Misappropriation

The element of misappropriation is likewise beyond cavil. Soto testified that project funds were used on other projects. Nor did he contest that project funds were transferred to his personal account and used for personal purposes, including

---

> failing to pay for services, labor, materials or equipment provided incident to such construction, and wrongfully diverts the funds to a use other than that for which the funds were received, shall be guilty of a public offense and shall be punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by both that fine and that imprisonment if the amount diverted is in excess of two thousand three hundred fifty dollars ($2,350). If the amount diverted is less than or equal to two thousand three hundred fifty dollars ($2,350), the person shall be guilty of a misdemeanor.

Cal. Penal Code § 484b.

9

payment of $4,443.38 for a Louis Vuitton purse.

C

<u>Circumstances Indicating Fraud</u>

As to the "circumstances indicating fraud" essential element, <u>BankChampaign</u> provides the matrix for analysis.

One begins with the premises that licensed contractors know their duties under state law governing their licenses and that no law-abiding contractor would violate those duties.

The question in any particular case is whether, in the words of the Supreme Court, the contractor consciously disregarded or was willfully blind to a substantial and unjustifiable risk of a violation of contractor duties of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard that a law-abiding person would observe in the actor's situation.

Circumstances "known to the contractor" include the state-law criminal prohibition of diverting funds, the duty to account, and the exposure to a restitution order as disciplinary action.

The burden of proof is preponderance of evidence. The unsupported contrary assertion by Soto's counsel that clear and convincing evidence is required is rejected as lacking merit in light of the Supreme Court decision in <u>Grogan</u> that preponderance of evidence is the standard of proof in § 523 dischargeability litigation. <u>Grogan</u>, 498 U.S. at 291. If preponderance is the standard for proof of actual fraud, then a higher standard cannot apply to the lower showing of "circumstances indicating fraud."

While the precise degree of fraud "indications" required for

§ 523(a)(4) embezzlement may be uncertain, at a minimum, facts that could support an actual criminal prosecution are sufficient.

This Court is persuaded, and finds as fact, that Defendant Soto consciously disregarded or was willfully blind to a substantial and unjustifiable risk of violation of his California contractor duties of such a nature and degree that, considering the nature and purpose of his conduct and the circumstances known to him, its disregard involved a gross deviation from the standard that a law-abiding licensed contractor would have observed in Soto's situation.

The reality is that Soto was using SAI as, in effect, an automatic teller machine in a manner not permitted by the law governing licensed contractors.

The debt of Soto to SAI is excepted from discharge as an embezzlement by virtue of 11 U.S.C. § 523(4).

## IV

### § 523(a)(2) Fraud

SAI asserts that 11 U.S.C. § 523(a)(2) arguably provides a ground for excepting at least some of Soto's debt from discharge but candidly concedes that its case is not so strong as its § 523(a)(4) case. This Court agrees.

Evidence probative of fraudulent intent at the time of formation of the SAI-Soto contract, the time of some of the early representations, and knowledge of their falsity is ambiguous.

To be sure, each advance made by SAI to Soto during the contractual relationship came with a representation by Soto that the funds needed to be advanced would be used for project

11

purposes. But their untruth and Soto's knowledge of the untruth evolved over time and would require a stretch of inferences that could affect the measure of nondischargeable damages.

Moreover, time limitations imposed by this trier of fact during the management of the trial attenuated SAI's and Soto's presentations of § 523(a)(2) evidence to an extent that could merit further proceedings that would be wasteful in light of the embezzlement determination. Fed. R. Bankr. P. 1001(a).

Accordingly, the prudent course is to dismiss the § 523(a)(2) count without prejudice.

## Conclusion

This Court is persuaded by preponderance of evidence that the debt of Defendant Raul Soto to Plaintiff SAI in the amount of $149,741.68 represents embezzlement within the meaning of § 523(a)(4) and is to be excepted from discharge.

An appropriate separate judgment shall be entered.

Dated: February 05, 2026

_____
United States Bankruptcy Judge